IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN, and CERAMIC TILE, TERRAZZO, & GRANITE CUTTERS UNION LOCAL NO. 67, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | |
| URBAN TILE AND CARPET CORP. | ) ) | |
| Defendant. | ) | |

**FILED**
**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH

**08 C 664**

**JUDGE HIBBLER**
**MAGISTRATE JUDGE COX**

## C O M P L A I N T

Plaintiffs, the CHICAGO TILE INSTITUTE WELFARE PLAN, et al., by their attorneys, MICHAEL J. MCGUIRE and the law firm of GREGORIO & ASSOCIATES, complain of the Defendant, URBAN TILE AND CARPET CORP., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO TILE INSTITUTE WELFARE PLAN, and the CHICAGO TILE INSTITUTE PENSION PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 67, (hereinafter referred to as the "Union").

3. The Trust Funds are a multi-employer plan as defined under 29 U.S.C. § 1002.

4. The Trust Funds are administered at 725 E. Irving Park Road, Suite B, Roselle, IL

5. The Defendant is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. **(Exhibit A)**. The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Fund.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

7. The CBA and Trust Agreements provides that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

8. The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit contribution reports and pay contributions for the months of October, November, and December 2007.

9. As a result of said breach, the Defendant is also liable to the plaintiff for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiff prays:

A. That the Defendant be ordered to submit contributions and reports for the months of October, November, and December 2007.

B. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That the Defendant be ordered to pay liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C).

D. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

E. That Plaintiffs have such other and further relief as the Court deems just and equitable.

BY:  s/ Michael J. McGuire
     MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC #: 6290180
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343